## WINTE v. GULF LIFE INSURANCE CO.

Circuit Court, Dade County, Civil Appeal.

August 31, 1956.

Ferrell & Young, Miami, for appellant.

Evans, Mershon, Sawyer, Johnston & Simmons, Miami, for appellee.

VINCENT C. GIBLIN, Circuit Judge.

The plaintiff-appellant, Vera D. Winte, the beneficiary of an insurance policy issued by the defendant-appellee, Gulf Life Insurance Co., and by which the life of Richard C. Winte, the beneficiary's husband, was insured, sued on the policy in the court below. The defendant insurance company admitted in its answer its issuance on April 1, 1952, of the policy and the payment of all premiums which had become due prior to the death of the insured. It further admitted that the insured died on January 19, 1954, that it had due notice and proof of his death, and that it had refused, on her demand, to pay to the beneficiary the amount of the insurance. Its defense, averred in its answer, was that the policy had been issued on the condition that the insured was in good health, that he had fraudulently procured the issuance of the policy by falsely and knowingly representing in his application for the policy that he was in good health when in fact he was afflicted with "congenital polycystic kidneys," and that it had relied on the representation.

At the trial, the judge below, at the close of the plaintiff's case, directed the jury to return a verdict for the defendant because there

had been "no proof . . . to show [the insured] was in good health at the time the policy was issued." The judgment appealed from is based on the jury's verdict returned at the court's direction.

The trial judge was unquestionably in error in directing the jury to return the verdict. There was no burden resting on the plaintiff to negative by her proof the affirmative defense interposed by the defendant insurance company. The burden was on it to prove its averments of misrepresentation and fraud.

Counsel for the defendant-appellee contend in their brief that the plaintiff's own testimony conclusively showed "that the deceased was not in sound health at the time the policy was delivered." The transcript, which I have carefully read, affords no basis whatever for the contention that the defendant's affirmative defense was established by the plaintiff's testimony.

The defendant-appellee cross-assigns as error the lower court's denial of its motion for the entry of a summary judgment in its favor. There is no merit in the cross-assignment.

The challenged judgment (entered December 14, 1955, in minute book 97, at page 252, of the records of the court below) ought to be, and it is reversed; and the cause is remanded for appropriate proceedings consistent with our opinion and judgment.